[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13557
Non-Argument Calendar
_____

D.C. Docket No. 1:96-cr-00075-JIC-27

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO GALVEZ,
a.k.a. Francoise Roger,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 22, 2021)

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Rogelio Galvez, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3852(c)(1)(A), as amended by the First Step Act of 2018,[1] and its denial of his motion for reconsideration of the same. He argues on appeal the district court abused its discretion in denying compassionate release because it placed too much weight on his criminal history and the nature of his offense while ignoring his post-conviction conduct. After review, we affirm.

## I.  DISCUSSION

*A.  Denial of Motion for Compassionate Release*

A district court "may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c). One such exception is for "compassionate release." *See id.* § 3582(c)(1)(A); *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021). As amended by the First Step Act, which sought to increase the use and transparency of compassionate release of federal prisoners, § 3582(c)(1)(A) provides as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

---

[1] Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018) (First Step Act).

2

18 U.S.C. § 3582(c)(1)(A)(i); *see also* First Step Act § 603(b). The statute also specifies a defendant must exhaust administrative remedies before filing a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

Section 3553(a) requires a district court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes listed under § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public. 18 U.S.C. § 3553(a)(2). Other § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Sentencing Guidelines, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). "[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (quotation marks omitted).

In addition to considering the § 3553(a) factors, the district court must also find a sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The policy statement in Section 1B1.13 of the Sentencing Guidelines provides, in part, that a court may

reduce a term of imprisonment pursuant to § 3582(c)(1)(A) if it determines the prisoner "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).

Galvez was sentenced in 1999 to 35 years' imprisonment after pleading guilty to conspiracy to possess with intent to distribute cocaine and marijuana and using and carrying a firearm during and in relation to a drug trafficking crime.  He was 50 years old when he filed the instant motion for compassionate release, in which he argued his valvular heart disease increased his risk of severe complications due to COVID-19.  The government conceded, and the district court agreed, Galvez's heart condition was an "extraordinary and compelling" circumstance under § 3582(c)(1)(A).  Nevertheless, the court denied Galvez's motion because it was unable to find either that the § 3553(a) factors supported a reduction or that Galvez no longer posed a danger to the community or others.

The district court did not abuse its discretion in denying Galvez's motion for compassionate release.  *See Harris*, 989 F.3d at 911 (applying abuse of discretion standard to the denial of a motion for compassionate release); *see also United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005) ("An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment.").  In evaluating the § 3553(a) factors, the district court determined the

4

nature and circumstances of Galvez's offense and his history and characteristics did not support a sentence reduction. Specifically, the court observed that in furtherance of the drug-trafficking conspiracy in which he had participated, Galvez had engaged in violent conduct, including kidnapping, carjacking, and threatening to kill a man with a pair of scissors after breaking into a house, at times impersonating law enforcement. The court also took note of Galvez's prior convictions for burglary, aggravated battery, resisting arrest, and possession of a firearm by a convicted felon. It was within the district court's discretion to conclude "the nature and circumstances of the offense and history and characteristics of the defendant" counseled against compassionate release. *See Kuhlman*, 711 F.3d at 1327; 18 U.S.C. § 3553(a)(1).

Galvez contends the district court assigned too much weight to the violent nature of his crimes and his criminal history while disregarding his post-conviction conduct. The fact the district court assigned greater weight to these factors, however, does not amount to an abuse of discretion. *See Kuhlman*, 711 F.3d at 1327; *see also Harris*, 989 F.3d at 912 ("When review is only for abuse of discretion, it means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." (quotation marks omitted)). Moreover, the court's order reflects that it considered Galvez's motion and the § 3553(a) factors, even if it did

not discuss each one. *See United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007) (explaining that at sentencing, the district court need not discuss or state it has considered each factor, and that acknowledgement it has considered the factors and defendant's arguments is sufficient).

Because the district court did not abuse its discretion in concluding the § 3553(a) factors did not support compassionate release, we need not address its additional finding—based on the same considerations—that Galvez remained a danger to society.

## B.  *Denial of Motion for Reconsideration*

To the extent Galvez challenges the district court's denial of his motion for reconsideration, we similarly find no abuse of discretion. *See United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004) (reviewing denial of motion for reconsideration for an abuse of discretion).  In moving for reconsideration, Galvez asserted his increased risk of COVID-19 made his sentence greater than necessary, noted he had already served 22 years in prison, and argued the court's findings were inconsistent with his transfer to a low-security prison.  None of these arguments presents the type of newly discovered evidence or manifest error of law or fact that warrants reconsideration.  *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

6

## II.  CONCLUSION

For the reasons above, the district court did not abuse its discretion in denying Galvez's motion for compassionate release or his motion for reconsideration.  Accordingly, we affirm.

**AFFIRMED.**